## Acme-Evans Company, Defendant in Error, v. Oscar L. Hunter and John Doe, trading as O. L. Hunter & Company, Plaintiff in Error.

### Gen. No. 20,170.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH E. RYAN, Judge, presiding. Heard in this court at the March term, 1914. Affirmed. Opinion filed October 5, 1915. Rehearing denied October 14, 1915.

### Statement of the Case.

Action by Acme-Evans Company, a corporation, plaintiff, against Oscar L. Hunter and John Doe, trading as O. L. Hunter & Company, defendants, to recover on a contract for the sale of grain. The contract was for prompt shipment on shipping orders to be given by defendants. The contract contained an option,

*See **Illinois Notes Digest**, Vols. **XI** to **XV**, and **Cumulative Quarterly**, same topic and section number.

which was reserved to the plaintiff, that "at the end of the contract time * * * the seller shall have the right * * * (3) to continue the contract, without notice, for thirty days with a carrying charge." A resale was made more than thirty days after a reasonable time had expired wherein defendants might have given shipping instructions, of which resale no notice was given to defendants. Plaintiff constantly pressed defendants by letters and telegrams, for shipping instructions, to which defendants paid no attention. The judgment was for the difference between the contract price and the amount realized on the resale, with carrying charges and commissions added. To reverse a judgment for plaintiff, defendants prosecute this writ of error.

ALDEN, LATHAM & YOUNG, for plaintiffs in error; T. A. SHEEHAN, of counsel.

FRANK F. REED and CHARLES A. WILLIAMS, for defendant in error.

MR. JUSTICE HOLDOM delivered the opinion of the court.

### Abstract of the Decision.

1. SALES, § 114*—*when breach of contract shown.* Where a contract for the sale of grain provided for prompt shipment on shipping instructions to be given by defendants, and containing an option to plaintiff which had the effect of extending the time of delivery, but where it appeared that plaintiff, during the whole time, constantly pressed defendants for shipping instructions, which were never given, *held* that the evidence showed a breach by defendants.

2. SALES, § 124*—*what essential to "prompt delivery."* By legal intendment, "prompt delivery" means within a few days at most.

3. SALES, § 341*—*when time for compliance by purchaser not extended.* Where a contract for the sale of grain provided for prompt shipment on shipping orders to be given by defendants,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

which also contained an option to plaintiff which had the effect of extending the time of delivery for thirty days, evidence *held* to show no ground for defendants to believe that the time of performance had been extended by the exercise of plaintiff's option, although it appeared that a resale was not made until more than thirty days after the expiration of a reasonable time for giving shipping instructions, it appearing that during the whole time plaintiff constantly pressed defendants, by letters and telegrams, for such instructions.

4. SALES, § 60*—*when contract executory*. Where a contract for the sale of grain provided for prompt shipment on shipping instructions to be given by the vendee, *held* that the contract was in its essence executory.

5. SALES, § 306*—*when notice of resale not required on breach by purchaser*. In a contract for the sale of grain which is essentially executory, notice of a resale is not required.

6. EVIDENCE, § 280*—*when market reports admissible to show values*. Trade journals and market reports are primary evidence tending to show market values, for the reason that they are based on a survey of the whole market and are a source of information on which the business world relies, for which reasons they are more satisfactory than individual entries of sales and inquiries.

7. EVIDENCE, § 51*—*who has burden of disproving market reports*. Where market reports admitted as tending to show market value do not state the correct market price, the burden is on the adverse party to show that fact.